IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEXAS FIRST CAPITAL FUND I, INC. as Authorized Servicing Agent for BFG 108 LLC,<br><br>Plaintiff,<br><br>v.<br><br>FONCHAM ENTERPRISES, LLC; and HERBERT GADINGA FONCHAM<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. CIV-24-1230-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

On January 30, 2025, the Clerk of Court entered default against Defendants Foncham Enterprises, LLC (FEL) and Herbert Gadinga Foncham (Foncham) (collectively, Defendants). *See* Clerk's Entry of Default [Doc. No. 10]. Plaintiff, Texas First Capital Fund I, Inc. (Plaintiff), now moves for entry of default judgment. *See* Plaintiff's Motion for Default Judgment [Doc. No. 8]. Defendants have not responded to the Motion. For the reasons that follow, Plaintiff's Motion is GRANTED.

**I.  Background / Plaintiff's Claims**

On November 22, 2024, Plaintiff filed this action alleging the following claims for relief: (1) breach of contract against Defendant FEL; and (2) guarantor liability against Defendant Foncham. Plaintiff seeks actual damages in the amount of $214,784.99.

II.     **Procedural History**

Defendants were timely served with the Complaint on January 4, 2025. *See* Proofs of Service [Doc. Nos. 3-4]. Defendants have failed to answer or otherwise respond to the Complaint and the time for doing so has expired. As set forth, on January 30, 2025, the Clerk of Court entered default. *See* Clerk's Entry of Default [Doc. No. 10]. The record, therefore, reflects that Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b).

III.    **Jurisdiction**

Initially, the Court must consider both whether subject matter exists and whether the exercise of personal jurisdiction over the defendant is proper. *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169-70 (10th Cir. 2011); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

   A.   **Subject Matter Jurisdiction**

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1). The parties are citizens of different states. *See* Compl. [Doc. No. 1], ¶¶ 2-5. Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. *Id.*, ¶¶ 1, 17, 23; *see also* Accounting [Doc. No. 1-4].

   B.   **Personal Jurisdiction**

The Court has considered the pleadings and concludes that it has personal jurisdiction over Defendants. *See, e.g., Sharpshooter Spectrum Venture, LLC v. Consentino*, Case No. CIV-09-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that

2

burden may be met by a prima facie showing.") (footnote omitted) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

### IV.     <u>Uncontested Facts / Liability and Damages</u>

"[T]he entry of default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true.  *Id*. at 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought.

Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.").

3

### A.     Breach of Contract / Guarantor Liability

Plaintiff seeks default judgment on its breach of contract claim against Defendant FEL.  Plaintiff has plausibly alleged a breach of contract claim against Defendant FEL. Plaintiff has included the parties' contractual agreements and an accounting of the amounts due thereunder.  *See* Doc. Nos. 1-1, 1-2 and 1-4. Plaintiff has also shown that Defendant FEL breached the contract by failing to remit amounts due thereunder.  *See* Compl., ¶¶ 10-13, 15-16; *see also* Goldberg Aff. [Doc. No. 9-2], ¶¶ 2-3.  And Plaintiff has demonstrated that it has suffered actual damages as a result in the principal amount of $214,784.99.  *See* Compl. ¶ 17; Goldberg Aff., ¶¶ 2-3.

Plaintiff also seeks a default judgment on its claims for guarantor liability against Defendant Foncham.  The Court finds Plaintiff has alleged adequate facts to support this claim and has attached a copy of the personal guaranty signed by Defendant Foncham.  *See* Compl., ¶¶ 9, 20-24; *see also* Doc. No. 1-2.

### B.     Damages

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 Fed.Appx. at 925 (citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

4

Here, Plaintiff seeks a sum certain based on the amounts due under the governing agreements. Plaintiff has alleged this amount in the Complaint and has attached the contractual agreements and an accounting of amounts due. Additionally, Plaintiff has provided evidentiary support for the damages claimed by submitting the Affidavit of Andrew Goldberg. Thus, the Court finds it proper to award actual damages to Plaintiff on its breach of contract claim in the amount of $214,784.99. Plaintiff further seeks an award of post-judgment interest and the Court finds Plaintiff should be awarded such interest at the governing statutory rate. *See* 28 U.S.C. § 1961.

## V.     Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment [Doc. No. 8]. A separate default judgment shall be entered.

IT IS SO ORDERED this 24th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE